Jeremy SONNIER, Plaintiff–Appellant,

v.

John CRAIN, Dr., in his official capacity as Interim President of Southeastern Louisiana University; Jim McHodgkins, Individually and in his official capacity as Assistant Vice President for Student Affairs at Southeastern Louisiana University; Thomas Carmichael, Individually and in his official capacity as Police Officer for University Police Department at Southeastern Louisiana University, Defendants–Appellees.

No. 09–30186.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 2011.

Nathan W. Kellum, Jonathan Andrew Scruggs (argued), Alliance Defense Fund, Memphis, TN, for Sonnier.

Linda Law Clark (argued), Dianne M. Irvine, DeCuir, Clark & Adams, L.L.P., Baton Rouge, LA, for Defendants–Appellees.

Before GARWOOD, DAVIS and DENNIS, Circuit Judges.

PER CURIAM:

We withdraw our earlier order denying panel rehearing and substitute the following:

The motion for panel rehearing is GRANTED in part and DENIED in part as outlined below.

We withdraw Section IV of the opinion of the panel majority with the exception of

Section IV(D). We also withdraw the Conclusion of that opinion. For reasons assigned in Section IV(D) of the panel majority opinion (the section of the opinion dealing with the regulation of security fees that may be imposed on the speaker), we conclude that the district court erred in refusing to declare that section of the regulation facially invalid. To that extent only we vacate the order of the district court.

With respect to the balance of the regulation, we conclude that the district court did not abuse its discretion in denying the preliminary injunction at this early stage of the litigation and without the benefit of any context facts on which to base its order. Thus, the district court's order in all other respects denying the preliminary injunction is AFFIRMED and the case is REMANDED to the district court for further proceedings.

DENNIS, Circuit Judge, concurring in part and dissenting in part:

For the reasons given in my previous partial dissents in this case, I continue to believe that the panel majority has erred in affirming the district court's failure to consider and decide the plaintiff's as-applied challenge, and also in failing to apply the correct principles of law to his facial challenge (except as to the security fee provision, which we agree is unconstitutional). *Sonnier v. Crain,* 613 F.3d 436, 449–79 (5th Cir.2010) (Dennis, J., concurring in part and dissenting in part); *Sonnier v. Crain,* 2011 WL 452085, *2–6 (5th Cir.2011) (Dennis, J., dissenting from the denial of panel rehearing). Therefore, I continue to respectfully concur in part and dissent in part.